**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE**

| | |
|---|---|
| 901 ERNSTON ROAD LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>BOROUGH OF SAYREVILLE ZONING BOARD OF ADJUSTMENT; *and* BOROUGH OF SAYREVILLE,<br><br>*Defendants*. | CASE NO. 3:18-cv-02442<br><br>**CERTIFICATION OF DR. DENI CARISE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE A PRELIMINARY INJUNCTION DIRECTING ISSUANCE OF NECESSARY ZONING APPROVALS AND ENJOINING DISCRIMINATORY CONDUCT**<br><br>*(Document filed electronically)* |

Deni Carise, of full age, hereby certifies as follows:

1. I am the Chief Scientific Officer of Recovery Centers of America, LLC ("RCA"), the owner and parent company of 901 Ernston Road LLC, Plaintiff in the above-captioned action. I have personal knowledge of the facts set forth herein and I am authorized to make this Certification in support of Plaintiff's application for preliminary injunction.

2. Plaintiff is an affiliate of RCA, which is a private, for-profit company whose mission is to provide neighborhood-based recovery campuses for patients suffering from drug and alcohol addiction.

3. RCA has assembled a team of leading industry and academic professionals who, collectively, have designed an innovative addiction treatment model to improve patient outcomes by extending the length of treatment while offering a full range of patient services in an integrated healthcare campus environment.

4. RCA's approach to addiction treatment, provides treatment facilities that accommodate every stage of patient treatment within a structured environment, including residential detoxification, residential inpatient treatment, and outpatient treatment and support.

5. RCA locates its healthcare campuses in or near the communities where its patients live, thereby ensuring that patients maintain connections with their peers in recovery and reintegrate into daily life without losing access to treatment providers. This feature of RCA's business is critical to the success of its treatment model.

6. Plaintiff entered into a long-term lease agreement (a 15-year term with four 10-year options), dated January 18, 2018, with 901 Ernston Road Realty, LLC, the owner of a 6.96-acre parcel located in the Borough of Sayreville, Middlesex County, New Jersey.

7. The property at issue is located in a zoning district identified as Public, Recreational, Institutional Municipal and Educational (the "PRIME zone").

8. According to the Sayreville Zoning Code, long-term healthcare facilities, nursing facilities, and nursing homes are conditionally approved uses within the PRIME zone.

9. Prior to Plaintiff's lease of the property, in May 2014, Sayreville Nursing, LLC received preliminary and final site plan approval from the Sayreville Planning Board to operate on the Property a long-term care nursing home facility, – a use that was confirmed by the Board's engineer and Borough's planner to be an approved use as of right within the PRIME zone.

10. Plaintiff plans to renovate an existing main building and add parking and landscaping details, and thereafter operate on the Property in a campus-like setting, a substance abuse treatment facility and residential healthcare facility to treat and rehabilitate persons suffering from substance use disorders (the "Facility").

11. Plaintiff's plan for the Facility provides for nursing care around the clock, twenty-four hours a day and seven days a week, as well as social workers, clinical and family therapists, counselors and patient support staff.

12. The Facility's focus is education, treatment, rehabilitation and continuing recovery support for patients suffering with substance use and mental health disorders.

13. Plaintiff will admit patients to varying levels of care: residential detoxification; residential in-patient care; and multiple levels of out-patient services, based on the individual patient's needs

14. Only patients receiving residential treatment will be permitted to reside on the in-patient treatment campus.

15. The in-patient and out-patient services will be strictly separated, having separate entrances, and the respective patients will have no contact with one another.

16. The individuals Plaintiff intends to admit as patients will pose no safety risk to the surrounding community.

17. Patients are not referred to RCA facilities from the criminal justice system as a way to avoid jail.

18. Plaintiff has extensive screening procedures in place and will not admit any patient who is deemed to be a danger to themselves or others.

19. Patients will not be allowed to leave the premises unaccompanied or on foot, and RCA employs stringent policies for visitation, supervision, and safety and security protocols.

20. On or about June 23, 2017, RCA filed a request with the Zoning Board to confirm that the Facility's use was permitted in the PRIME zone. A Sayreville Zoning Officer advised RCA to file a formal permit application requesting such confirmation.

21. On July 7, 2017, RCA filed a formal application with the Sayreville Zoning officer for a zoning permit to seek approval and confirmation that the proposed drug and alcohol use disorder treatment facility and residential health care treatment facility to be operated by RCA on the Property is a conditionally permitted use in the PRIME zone.

22. On July 14, 2017, this permit application was denied.

23. On July 26, 2017, Plaintiff timely appealed the denial of the zoning permit to the Sayreville Zoning Board of Adjustment.

24. A hearing on the appeal of the zoning's officer administrative denial of the zoning permit was scheduled before the Zoning Board for August 23, 2017, but due to a lack of quorum at the August 23, 2017 meeting, the matter was carried to the September 27 meeting.

25. On September 15, 2017, RCA filed an application with the Zoning Board for Use Variance and Amended Site Plan approval for a drug and alcohol use disorder treatment facility/residential health care treatment facility. The Use Variance Application was filed under a reservation of rights and without prejudice, to the pending appeal of the Zoning Officer's determination.

26. During the September 27, 2017 hearing, RCA presented testimony demonstrating that the proposed use falls within the definition of long term care facility as defined in the Zoning Code. Although the Zoning Board's questions and input during the hearing suggested that its members were unlikely to reverse the Zoning Officer's determination, the Board took no action or vote on the appeal at this meeting.

27. Thereafter, three public hearings were held before the Zoning Board on the Use Variance Application: November 8, 2017, December 13, 2017, and January 24, 2018.

28. To date, Plaintiff has invested an estimated $1,385,000 in the Property and Facility, including approximately $226,000 to lease the premises, $458,000 for design and preconstruction activities, $651,000 for professional services, and $50,000 for facilities expenses.

29. As a result of the delay in placing the Facility into operation, Plaintiff will suffer a variety of economic damages, including substantial lost profits, the amount of which is difficult to calculate with a reasonable degree of certainty.

30. Specifically, due to the Zoning Board's delays in approving Plaintiff's zoning applications, Plaintiff and Landlord were forced to amend the lease as of February 13, 2018 to include a clause allowing Plaintiff to terminate the lease without incurring additional financial obligations if notice is given to Landlord within ten days of March 31, 2018.

31. Further, as a result of the delay in placing the Facility into operation, Plaintiff's prospective patients are denied access to desperately needed medical treatment located close to their homes, families and support networks.

32. Plaintiff is ready, willing and able to proceed with renovation and operation of the proposed facility, but cannot do so because the Defendants have refused to issue the necessary approvals and permits.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: February 27, 2018

Dr. Deni Carise
Chief Scientific Officer
Recovery Centers of America

{00218223;1}5