## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| 901 ERNSTON ROAD LLC, | Civil Action No.: 3:18-cv-02442-AET-TJB |
| *Plaintiff*, | |
| *v.* | **Oral Argument Requested** |
| BOROUGH OF SAYREVILLE ZONING BOARD OF ADJUSTMENT; *and* BOROUGH OF SAYREVILLE, | **Return Date: To be determined** |
| *Defendants*. | *(Document filed electronically)* |

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE A PRELIMINARY INJUNCTION DIRECTING ISSUANCE OF NECESSARY ZONING APPROVALS AND ENJOINING DISCRIMINATORY CONDUCT

---

Kevin H. Marino
John A. Boyle
MARINO, TORTORELLA & BOYLE, P.C.
437 Southern Boulevard
Chatham, NJ  07928-1488
(973) 824-9300

*Attorneys for Plaintiff 901 Ernston Road LLC*

OF COUNSEL:
Steven M. Coren[*]
Matthew R. Williams[*]
KAUFMAN, COREN & RESS, P.C
Two Commerce Square
2001 Market Street, Suite 3900
Philadelphia, PA 19103
(215) 735-8700

---

[*] *Pro hac vice* applications to be submitted.

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I.    INTRODUCTION .................................................................................................... 1

II.   ARGUMENT ........................................................................................................... 2

   A.    Plaintiff's Claims Are Ripe For Review ...................................................... 2

      1.    Discrimination Claims Become Final Before The Exhaustion Of
            Administrative Remedies ................................................................... 2

      2.    New Jersey Law Does Not Require That Plaintiff File In State Court
            Before Asserting Its Discrimination Claims ...................................... 4

      3.    An Aggrieved Land-Use Applicant Can File An Action In Lieu Of
            Prerogative Writ Simultaneously With Related Federal Claims In Federal
            Court, Which Is What Plaintiff Did Here ........................................... 5

   B.    Plaintiff Has Standing To Assert Claims For Discrimination And Has Suffered
         Irreparable Harm .......................................................................................... 9

   C.    The Record Clearly Establishes Defendants' Discriminatory Conduct ...... 11

III.  CONCLUSION ....................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*41 Maple Associates v. Common Council of the City of Summit*,
    276 N.J. Super. 613 (App. Div. 1994) ................................................................ 5

*Ass'n for Advancement of the Mentally Handicapped, Inc. v. City of Elizabeth*,
    876 Supp. 614 (D.N.J. 1994) ................................................................ 10

*Casser v. Mayor & Comm. for Twp. of Knowlton*,
    2017 U.S. Dist. LEXIS 178332 (D.N.J. Oct. 27, 2017) ............................................ 5

*Casser v. Township of Knowlton*,
    441 N.J. Super. 353 (App. Div. 2015) ................................................................ 8

*Cell S. of N.J. v. Zoning Bd. of Adj., W. Windsor Twp.*,
    172 N.J. 75 (2002) ................................................................ 8

*Cellular Tel. Co. v. Zoning Board of Adjustment*,
    90 F. Supp. 2d 557 (D.N.J. 2007) ................................................................ 7

*Cmty. Servs., Inc. v. Wind Gap Mun. Auth.*,
    421 F.3d 170 (3d Cir. 2005) ................................................................ 11

*Congregation Kollel, Inc. v. Township of Howell, N.J.*,
    2017 U.S. Dist. LEXIS 21974 (D.N.J. Feb. 2, 2017) .......................................... 3, 5

*Cresci v. Bayonne Parking Auth.*,
    2011 N.J. Super. Unpub. LEXIS 61 (App. Div. Jan. 11, 2011)............................ 6, 8

*Easter Seal Soc'y v. Twp. of N. Bergen*,
    798 F. Supp. 228 (D.N.J. 1992) ................................................................ 4, 10

*Ethan Michael, Inc. v. Union Twp.*,
    108 F. App'x 43 (3d Cir. 2004) ................................................................ 3

*Garrow v. Elizabeth Gen. Hosp. & Dispensary*,
    79 N.J. 549 (1979) ................................................................ 4

*Hindes v. FDIC*,
    137 F.3d 148 (3d Cir. 1998) ................................................................ 9

*House of Fire Christian Church v. Zoning Board of Adjustment of City of Clifton*,
    426 N.J. Super. 157 (App. Div. 2012) ................................................................ 6, 8

*Innovative Health Sys., Inc.*,
    931 F. Supp. 228 (S.D.N.Y. 1996) ................................................................ 10

*Internationally Hott II v. City of Elizabeth, N.J.*
    134 F. App'x., 496 (3d Cir. 2005) ................................................................ 5

*Interstate Outdoor Advertising, L.P. v. Zoning Board of Cherry Hill*,
    2011 U.S. Dist. LEXIS 103462 (D.N.J. Sept. 13, 2011) ...................................... 7

*Lapid-Laurel v. Zoning Bd. of Adj.*,
  284 F. 3d 442 (3d Cir. 2002) ........................................................................ 7, 8

*Lauderbaugh v. Hopewell Twp.*,
  319 F.3d 568 (3d Cir. 2003) ............................................................................... 2

*MAG Realty, LLC v. City of Gloucester City*,
  2010 U.S. Dist. LEXIS 82035 (D.N.J. Aug. 12, 2010) ...................................... 3

*McKivitz v. Twp. of Stowe*,
  769 F. Supp. 2d 803 (W.D. Pa. 2010) ................................................................ 3

*Minard Run Oil Co. v. U.S. Forest Serv.*,
  670 F.3d 236 (3d Cir. 2011) ............................................................................. 10

*Murphy v. New Milford Zoning Comm'n*,
  402 F.3d 342 (2d Cir. 2005) ............................................................................... 3

*N. Jersey Vineyard Church v. Twp. of S. Hackensack*,
  2016 U.S. Dist. LEXIS 46398 (D.N.J. Apr. 6, 2016) ....................................... 10

*N.J. Civil Serv. Ass'n v. State*,
  88 N.J. 605 (1982) ............................................................................................... 4

*New Directions Treatment Servs. v. City of Reading*,
  490 F.3d 293 (3d Cir. 2007) ............................................................................. 10

*Oxford House-Evergreen v. City of Plainfield*,
  769 F. Supp. 1329 (D.N.J. 1991) ...................................................................... 10

*Pathways Psychosocial v. Town of Leonardtown, MD*,
  133 F. Supp. 2d 772 (D. Md. 2001) ................................................................... 3

*Rezem Family Assocs., LP v. Borough of Millstone*,
  423 N.J. Super. 103 (App. Div. 2011) ............................................................ 4, 8

*Spring Spectrum L.P. v. Zoning Bd. of Adjustment*,
  21 F. Supp. 3d 381 (D.N.J. 2014) ...................................................................... 7

*Taylor v. Upper Darby*,
  983 F.2d 1285 (3d Cir. 1993) ............................................................................. 2

*Twp. of W. Orange v. Whitman*,
  8 F. Supp. 2d 408 (D.N.J. 1998) ...................................................................... 10

*Zebrowksi v. Wells Fargo Bank, N.A.*,
  2010 U.S. Dist. LEXIS 61196 (D.N.J. June 21, 2010) ....................................... 6

**<u>Statutes</u>**

28 U.S.C. § 1331 ..................................................................................................... 5

28 U.S.C. § 1367 ..................................................................................................... 7

Telecommunications Act of 1996,
  47 U.S.C. § 332(c)(7)(B)(v) ............................................................................... 7

**Rules**

N.J. Ct. <u>R.</u> 4:69 ................................................................................................................... 8

N.J. Ct. <u>R.</u> 4:69-6 ............................................................................................................. 8

## I.  <u>INTRODUCTION</u>

Plaintiff, 901 Ernston Road LLC ("901 LLC" or "Plaintiff"), respectfully submits this reply memorandum of law in further support of the Court's Order requiring Defendants, Borough of Sayreville Zoning Board of Adjustment (the "Board") and Borough of Sayreville (the "Borough" and, with the Board, "Defendants"), to show cause why the Court should not grant the preliminary injunctive relief requested by Plaintiff.

Defendants proffer no evidence whatsoever in opposition to the Order to Show Cause, thereby leaving Plaintiff's overwhelming evidentiary presentation unrebutted.  Instead, they argue that: (1) Plaintiff's claims are not ripe for resolution because Plaintiff did not file an action in lieu of prerogative writ in state court to appeal Defendants' zoning decisions; (2) Plaintiff does not have standing to pursue the requested injunctive relief; and (3) Defendants' denials of Plaintiff's proposed use were proper and not discriminatory.   These argument all fail because they mischaracterize the factual record and misapply federal anti-discrimination and New Jersey land-use law.

The record demonstrates indisputably that Defendants denied Plaintiff's applications for a zoning permit and a variance, and that those denials were not only erroneous, but motivated by discriminatory prejudice.  Because Defendants have denied Plaintiff's requests for reasonable accommodations and exhibited discriminatory intent, Plaintiff's claims are ripe for judicial resolution and Plaintiff is not required to pursue other avenues of relief under New Jersey land-use law.  And even if Plaintiff was required to file an action in lieu of prerogative writ, it has done so in this action, which is permissible under both New Jersey and federal law.  Moreover, Plaintiff has established a clear right to preliminary injunctive relief because it has shown that it will likely succeed on the merits of its claims and that Defendants' discriminatory conduct is causing

1

immediate and irreparable harm to both Plaintiff—as the builder and operator of a drug and alcohol treatment facility—and its prospective patients.

For the reasons set forth more fully below and in the Moving Brief, Plaintiff has demonstrated that the Court should enter a preliminary injunction directing Defendants to issue all zoning approvals necessary to construct and operate the Facility[1] and enjoining Defendants from engaging in further discriminatory conduct designed to interfere with the Facility.

## II.  ARGUMENT

### A.  Plaintiff's Claims Are Ripe For Review

#### 1.  Discrimination Claims Become Final Before The Exhaustion Of Administrative Remedies

Plaintiff's claims became ripe for review when Defendants denied its requests for reasonable accommodations for unlawful and discriminatory reasons.  Ripeness is a question of timing.  *See Taylor v. Upper Darby*, 983 F.2d 1285, 1290 (3d Cir. 1993).  In the context of a zoning board's land-use decisions, the finality rule exists "not to require the exhaustion of administrative remedies," *Lauderbaugh v. Hopewell Twp.*, 319 F.3d 568, 575 (3d Cir. 2003), but to ensure that the board is "given an opportunity to arrive at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question."  *Id.* at 1291 (internal quotation omitted).  As a result, "the finality rule allows a suit whenever a decision maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury."  *Id.* (internal citation and quotation omitted).  Therefore, when applying the finality rule, courts should "not stand on formality," but instead should "look beyond whether the Zoning Hearing Board (or other entity or official) has formally rejected the Application, and determine whether the Township has made a

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in Plaintiff's moving brief.

final decision—however that decision is manifested." *Ethan Michael, Inc. v. Union Twp.*, 108 F. App'x 43, 47 (3d Cir. 2004); *see also Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 349 (2d Cir. 2005) (stating that "the finality requirement is not mechanically applied"). Indeed, it is well established that the complete exhaustion of administrative remedies is not required to establish that claims related to a land-use decision are final and ripe for judicial resolution. *See MAG Realty, LLC v. City of Gloucester City*, 2010 U.S. Dist. LEXIS 82035, at *19 (D.N.J. Aug. 12, 2010) (holding that use variance application was not required to establish ripeness because "[t]he Board had a full and fair opportunity to find facts and apply the law to Plaintiffs' application [and] [i]n so doing, the Board created a substantial record that aids the Court in its review").

Thus, in the context of housing discrimination cases, courts have routinely found that claims are final and ripe for determination at the time the accommodation is denied and no further exhaustion of administrative remedies is required. *See Congregation Kollel, Inc. v. Township of Howell, N.J.*, 2017 U.S. Dist. LEXIS 21974, *15-39 (D.N.J. Feb. 2, 2017) (finding federal claims ripe even though plaintiff did not exhaust administrative remedies); *McKivitz v. Twp. of Stowe*, 769 F. Supp. 2d 803, 820 (W.D. Pa. 2010) ("Even if it is assumed that the Plaintiffs did not comply with the relevant niceties of Pennsylvania law, they are entitled to proceed with their claims at this stage. Strict compliance with every applicable law or ordinance is not required in order to enable a plaintiff to assert claims under the FHA, the Rehabilitation Act and the ADA."); *Pathways Psychosocial v. Town of Leonardtown, MD*, 133 F. Supp. 2d 772, 789 (D. Md. 2001) (finding that, for a claim under the ADA, "the issue is sufficiently concrete for judicial resolution once an accommodation is denied").

Here, Plaintiff followed all necessary procedures before filing suit—first for site plan approval, and then for approval of a variance application. Defendants made a final decision on

Plaintiff's applications, denying Plaintiff's request for an inherently beneficial use, which created concrete and detrimental effects to both Plaintiff and its prospective patients. Accordingly, there are no other required procedures to challenge Defendants' discriminatory denial and Plaintiff's claims are ripe for review.

### 2.  New Jersey Law Does Not Require That Plaintiff File In State Court Before Asserting Its Discrimination Claims

Despite the abundant case law establishing that Plaintiff's discrimination claims are ripe for review, Defendants erroneously argue that Plaintiff's request for injunctive relief fails because it did not exhaust its available judicial remedies by filing an action in lieu of prerogative writ with the Superior Court of New Jersey. *See* Borough Brief at 5-11. Defendants fail, however, to point to a single case mandating an action in lieu of prerogative writ where, as here, (i) the plaintiff has exhausted all administrative procedures within the township and/or zoning boards; and (ii) the township and/or zoning boards have issued a final decision denying the plaintiff's request for a reasonable accommodation for discriminatory reasons.[2]

Instead, Defendants cite cases involving plaintiffs that did not complete the local administrative proceedings, and therefore, never received a final decision from the zoning board that was capable of review. *See Rezem Family Assocs., LP v. Borough of Millstone*, 423 N.J. Super. 103 (App. Div. 2011) (plaintiff did not apply for a zoning change, site plan approval or

---

[2] Notably, New Jersey law recognizes that exhaustion is not required in all circumstances and "[e]xceptions are made when the administrative remedies would be futile, when irreparable harm would result, when jurisdiction of the agency is doubtful, or when an overriding public interest calls for a prompt judicial decision." *N.J. Civil Serv. Ass'n v. State*, 88 N.J. 605, 613 (1982) (*citing Garrow v. Elizabeth Gen. Hosp. & Dispensary*, 79 N.J. 549, 561 (1979)); *see also Easter Seal Soc'y v. Twp. of N. Bergen*, 798 F. Supp. 228, 236 (D.N.J. 1992) ("Plaintiffs currently suffer irreparable injury each day that their treatment is delayed, and plaintiffs have a strong likelihood of success on their discrimination claims. Any further efforts by plaintiffs to work within the municipal administrative apparatus would be an exercise in futility.").

variances); *41 Maple Associates v. Common Council of the City of Summit*, 276 N.J. Super. 613 (App. Div. 1994) (plaintiff received a variance and site plan approval, but failed to apply for a building permit prior to filing a civil rights case based on expectation of denial of said permit); *Casser v. Mayor & Comm. for Twp. of Knowlton*, 2017 U.S. Dist. LEXIS 178332 (D.N.J. Oct. 27, 2017) (plaintiff attempted to "circumvent the exhaustion requirement by waiting" three years to file a prerogative writ action, and then filed suit in District Court claiming violation of due process rights because writ action was time-barred).[3]  Moreover, the "civil rights" claims in those cases were not housing discrimination claims, which are widely recognized as ripe for review before the exhaustion of administrative remedies.  *See supra* at § II.A.1.

### 3. An Aggrieved Land-Use Applicant Can File An Action In Lieu Of Prerogative Writ Simultaneously With Related Federal Claims In Federal Court, Which Is What Plaintiff Did Here

Even if Plaintiff was required to file an action in lieu of prerogative writ seeking review of the Board's zoning denials, Defendants' contention that such an action had to be filed in the Superior Court of New Jersey before institution of the claims in this Action is wrong.  To the contrary, it is well settled that an aggrieved land-use applicant can simultaneously assert an action

---

[3] Defendants cite *Internationally Hott II v. City of Elizabeth, N.J.* as proof that "adjudication of municipal actions or zoning board and planning board decisions are accomplished by actions in lieu of prerogative writs."  *See* Defendants' Brief at p. 9 (*quoting* 134 F. App'x., 496, 498 (3d Cir. 2005)). However, *Internationally Hott II* does not stand for the proposition that completion of an action in lieu of prerogative writ is a necessary prerequisite for discrimination claims.  To the contrary, in *Internationally Hott II*, the Third Circuit merely affirmed the District Court's conclusion that it did not have subject matter jurisdiction to review the planning board's decision and the plaintiff should have filed its challenge as an actions in lieu of prerogative writ in the New Jersey Superior Court.  Here, as demonstrated below, there can be no dispute that this Court has federal subject matter jurisdiction over Plaintiff's claims under the ADA, FHAA, RA and § 1983 pursuant to 28 U.S.C. § 1331, and Plaintiff's state law claims, including the prerogative writ claim (*see* Complaint at Counts VI and VII) by pendant jurisdiction.  *See Congregation Kollel, Inc.*, 2017 U.S. Dist. LEXIS 21974, *39.

in lieu of prerogative writ and its related federal claims in one pleading in federal district court, which is precisely what Plaintiff has done in the Sixth and Seventh Counts of the Complaint in this Action.

Indeed, in *House of Fire Christian Church v. Zoning Board of Adjustment of City of Clifton*, 426 N.J. Super. 157 (App. Div. 2012), in which a landowner asserted an action in lieu of prerogative writ that "succinctly raised conventional MLUL claims" with related federal claims, the Appellate Division made clear that a zoning applicant can bring prerogative-writ claims and federal claims together in one complaint in either state or federal court: "[i]t is common that certain aggrieved land use applicants bring parallel state and federal claims ***as part of a state court action in lieu of prerogative writs or in federal court***." *Id.* at 166 (emphasis added).  Moreover, in *Cresci v. Bayonne Parking Auth.*, 2011 N.J. Super. Unpub. LEXIS 61 (App. Div. Jan. 11, 2011), the Appellate Division affirmed dismissal of an action in lieu of prerogative writ as violative of the entire controversy doctrine "in light of the pendency of a previously filed federal suit seeking essentially the same relief," *id.* at *2, agreeing with the trial court's conclusions that the plaintiff could have amended his federal complaint to add new prerogative-writ claims, and the federal court could have exercised supplemental jurisdiction over those claims.  *Id.* at *3.  In short, in *House of Fire* and *Cresci*, the Appellate Division made clear that (a) it is permissible to bring an action in lieu of prerogative writ with (rather than as a condition precedent to)[4] related federal claims; and (b) such an action can be brought in federal court (rather than only in state court).

---

[4] In fact, if Plaintiff had brought only an action in lieu of prerogative writ in state court, it is likely that a subsequent action asserting its federal and constitutional claims would have been barred under the entire controversy doctrine.  *See Zebrowksi v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 61196 (D.N.J. June 21, 2010) ("Federal courts in New Jersey have applied New Jersey's entire controversy doctrine to bar claims that were actually litigated or could have been litigated in previous state court actions.").

In fact, federal courts have repeatedly exercised supplemental jurisdiction over claims for actions in lieu of prerogative writ alleging violations of the MLUL.  In *Lapid-Laurel v. Zoning Bd. of Adj.*, 284 F. 3d 442 (3d Cir. 2002), an action alleging that a zoning board's variance denials violated the FHAA (just as Plaintiff alleges here), the Third Circuit noted that the district court had supplemental jurisdiction over the claim that those variance denials also violated the MLUL (*i.e.*, a prerogative-writ claim). *Id.* at 449-50.  Similarly, in an action alleging that a zoning board's variance denials violated the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 332(c)(7)(B)(v), Judge Bassler found that "[t]he court has supplemental jurisdiction to adjudicate Plaintiff's action in lieu of prerogative writ, challenging the Board's denial on state law grounds under 28 U.S.C. § 1367." *Cellular Tel. Co. v. Zoning Board of Adjustment*, 90 F. Supp. 2d 557, 560 (D.N.J. 2007).  Likewise, in *Interstate Outdoor Advertising, L.P. v. Zoning Board of Cherry Hill*, 2011 U.S. Dist. LEXIS 103462 (D.N.J. Sept. 13, 2011), another case arising out of variance denials, Judge Rodriguez exercised supplemental jurisdiction over the applicant's state law claims, which alleged, *inter alia*, "various prerogative writs claims under New Jersey Municipal Land Use Law on the grounds that the Zoning Board's denial of Interstate's variances was arbitrary, capricious, and unreasonable."  *Id.* at *13; *see also Spring Spectrum L.P. v. Zoning Bd. of Adjustment*, 21 F. Supp. 3d 381 (D.N.J. 2014) (exercising supplemental jurisdiction over state MLUL claim, "which forms part of the same case or controversy as Plaintiffs' federal claims"). In sum, the above case law makes clear that a zoning applicant is not required to file in the Superior Court of New Jersey, Law Division an action in lieu of prerogative writ asserting violations of the MLUL ***before*** it can bring federal claims arising out of the same conduct; rather, it can assert its prerogative-writ claims simultaneously with its federal claims in one pleading in federal court, as Plaintiff has done here.

The cases cited by Defendants are not to the contrary.  First, while the Appellate Division in *Rezem* held that a plaintiff must file an action in lieu of prerogative writ to meet the exhaustion requirement for a civil rights action for inverse condemnation, it did not address whether such an action could be brought with related federal claims (as opposed to before them).[5]  Second, while the Appellate Division in *Casser v. Township of Knowlton*, 441 N.J. Super. 353 (App. Div. 2015), relied on *Rezem* in holding that the plaintiff failed to exhaust available remedies by not timely filing an action in lieu of prerogative writ, the court recognized that had the plaintiff filed her lawsuit within R. 4:69-6's 45-day limit—rather than three years after the subject zoning actions— the plaintiff could have included her prerogative-writ claim with her other claims.[6]  *Id.* at 367.

Finally, the suggestion in the Third Circuit's non-precedential decision in *Internationally Hot II*, 134 Fed. Appx. at *498, that an action in lieu of prerogative writ can only be brought in the Superior Court, Law Division is simply incorrect, as made clear by the Appellate Division in *House of Fire* and *Cresci*, the Third Circuit in *Lapid-Laurel*, and the numerous district court cases cited above.  Indeed, the case cited by the *Internationally Hot II* court, *Cell S. of N.J. v. Zoning Bd. of Adj., W. Windsor Twp.*, 172 N.J. 75 (2002), did not even address the permissible forums for an action in lieu of prerogative writ, much less hold that such an action must be brought in the Law Division.  And even if R. 4:69 could be read as vesting the Law Division with exclusive jurisdiction

---

[5] Notably, *Rezem* relied on *House of Fire*, in which the Appellate Division concluded that it is "common" for an aggrieved land-use applicant to bring "parallel" state MLUL/prerogative writ and related federal claims together in either state or federal court. *See* 426 N.J. Super. at 166.

[6] Defendants did not cite the Appellate Division's *Casser* opinion, but rather the district court's opinion in a later action by the same plaintiff against the Chief Justice of the New Jersey Supreme Court and others, *Casser v. Mayor of Township of Knowlton*, 2017 U.S. Dist. LEXIS 178332 (D.N.J. Oct. 27, 2017).  The district court dismissed that action on abstention grounds because it sought federal review of the Appellate Division's exhaustion ruling.  *Id.* at *12.  For the reasons set forth above, the district court's statement in *Casser* that an action in lieu of prerogative writ must be filed "prior to" a civil rights action for inverse condemnation is contrary to New Jersey law (and wholly irrelevant here).

over actions in lieu of prerogative writ (and it cannot), such a limitation would be void and unenforceable because "a state statute cannot be applied so as to limit a federal court's supplemental jurisdiction." *Hindes v. FDIC*, 137 F.3d 148, 168 n.15 (3d Cir. 1998).

In sum, Defendants' contention that this Action is not ripe for review because Plaintiff did not first file an action in lieu of prerogative writ in the Law Division is without merit.

**B.  Plaintiff Has Standing To Assert Claims For Discrimination And Has Suffered Irreparable Harm**

Defendants erroneously assert that Plaintiff "is an unqualified entity who simply contracted to lease the property for the tenant, RCA, the licensed entity that operates the facility and provides services to those persons who are allegedly discriminated against by the ZBA's actions."  *See* Zoning Board Brief at 7.  Contrary to Defendants' argument, in all filings with this Court, Plaintiff has repeatedly explained that it is an affiliate of Recovery Centers of America ("RCA"), not an entity simply contracted to lease the Property on RCA's behalf.  *Plaintiff*, in fact, is the operator and provider of services for prospective patients of the Facility.  *See* Complaint at ¶¶ 5; 7-8; 14; and 36; D. Carise Dec. at ¶¶2, 6, 10-11, and 13.  Thus, Plaintiff has standing to assert these claims on behalf of its prospective patients.[7]

Defendants further suggest that Plaintiff is not a suitable party to raise these claims because it may not be able to allege an injury since no current patients are joined in the action.  This argument is not supported by the law.  Courts have granted relief in identical circumstances, where plaintiffs brought an action in order to build a new facility to serve prospective patients.  *See New*

---

[7] "Standing" is broadly conferred under the ADA, RA and FHAA.  As the operator of a Facility responsible for providing treatment and services to disabled persons, Plaintiff has standing to sue under these Acts on the basis of the disabilities of its clients.  *See, e.g., Innovative Health Sys., Inc. v. City of White Plains*, 931 F. Supp. 222, 235–37 (S.D.N.Y. 1996), *aff'd in part,* 117 F.3d 37 (2d Cir. 1997).

*Directions Treatment Servs. v. City of Reading*, 490 F.3d 293 (3d Cir. 2007); *Ass'n for Advancement of the Mentally Handicapped, Inc. v. City of Elizabeth*, 876 Supp. 614 (D.N.J. 1994); *Twp. of W. Orange v. Whitman*, 8 F. Supp. 2d 408 (D.N.J. 1998). Thus, the concept of "speculative harm" is separate and distinct from "prospective patient;" courts have found irreparable harm to <u>future</u> patients; and Defendants do not cite any cases to the contrary.[8]

Moreover, if the injunction is not granted, Plaintiff itself will continue to suffer irreparable harm. "Where real property is at stake 'preliminary injunctive relief can be particularly appropriate because of the unique nature of the property interest,' though [plaintiff] is still required to demonstrate that irreparable harm will result from a temporary cessation of its alleged property right." *N. Jersey Vineyard Church v. Twp. of S. Hackensack*, 2016 U.S. Dist. LEXIS 46398, at *8 (D.N.J. Apr. 6, 2016) (*quoting Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 256 (3d Cir. 2011)). Plaintiff and numerous experts testifying before the Board have demonstrated that the Property is uniquely appropriate for the Facility's operations and mission. *See* D. Himelman Cert. at ¶ 11. Further, due to the delayed timing of the Defendants' decisions, Plaintiff is at significant risk of losing the opportunity to develop the Property altogether. *See* D. Carise Cert. at ¶ 30.

In addition, Plaintiff has shown irreparable harm—separate and apart from the nature of the harm to its property interest—because Defendants' conduct has deprived, and continues to deprive, disabled individuals of critically necessary treatment and services, without which they are exposed to a risk of more serious harm. *See Easter Seal Soc'y*, 798 F. Supp. at 237. Without an

---

[8] The cases cited by Defendants do not support their position. *See Innovative Health Sys., Inc.*, 931 F. Supp. at 228 (S.D.N.Y. 1996) (the status of existing clients was not a distinguishing factor for the finding of no irreparable harm); *Oxford House-Evergreen v. City of Plainfield*, 769 F. Supp. 1329 (D.N.J. 1991) (although irreparable injury was found due to current residents facing eviction, the Court does not say, or even imply, that prospective residents were not at risk of harm or that current residents were required for finding of harm).

injunction, Plaintiff will continue to suffer harm from Defendants' unlawful interferences with its property rights, while its intended patients will remain deprived of the treatment they need.

C. **The Record Clearly Establishes Defendants' Discriminatory Conduct**

As set forth in Plaintiff's opening memorandum, the Board's stereotype-driven comments and the entire tenor of the public hearings smack of unlawful discrimination against the disabled and handicapped and find no factual support in the record before the Board. Defendants offer no evidence that the Board held non-discriminatory motives for its decision. Though Defendants attempt to explain away the discriminatory statements as proper and non-discriminatory concerns over "safety and security," they ignore that each of the safety issues raised by Board members were premised on unfounded fears related to Plaintiff's prospective patients' protected status as recovering alcoholics and drug addicts.[9] Even if Defendants were able to point to some non-discriminatory reason for their decisions, the discriminatory motive revealed by the Board members' statements are sufficient for Plaintiff to prevail on its claims. *See Cmty. Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 177–79 (3d Cir. 2005) ("The discriminatory purpose need not be malicious or invidious, nor need it figure in 'solely, primarily, or even predominantly' into the motivation behind the challenged action."). The record of the hearings speaks for itself, and Defendants cannot do anything to change it at this point. And since Defendants' only expressed basis for refusing to grant Plaintiff's requests is discriminatory on its face, Plaintiff's unrebutted evidence of unlawful discrimination renders it substantially likely to succeed on the merits of its claims under the FHA, ADA, RA and the Equal Protection Clause.

---

[9] Defendants point to no evidence to rebut the conclusion of Plaintiff's planner that the proposed use was inherently beneficial and that the site is in fact "particularly suited" for the proposed use. Defendants' attempt to characterize their denial based on zoning concerns is disingenuous.

III.   **CONCLUSION**

For the reasons set forth above and in Plaintiff's moving brief, the Court should enter a preliminary injunction directing Defendants to issue all zoning approvals necessary for the construction and operation of the Facility and enjoining Defendants from engaging in further discriminatory conduct designed to interfere with the Facility.

Dated:  March 26, 2018                    MARINO, TORTORELLA & BOYLE, P.C.
        Chatham, New Jersey

                                          _____
                                          Kevin H. Marino
                                          John A. Boyle

                                          AND

                                          KAUFMAN, COREN & RESS, P.C
                                          Steven M. Coren, Esq.
                                          (admission *pro hac vice* to be sought)
                                          Matthew R. Williams, Esquire
                                          (admission *pro hac vice* to be sought)

                                          *Attorneys for Plaintiff*